281 So.2d 889 (1973)
Stacy M. STEPHENS, Jr., et al., Plaintiffs-Appellees,
v.
Charles DORE, d/b/a Charles Dore Welding and Machine Works et al., Defendants-Appellants.
No. 4254.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1973.
Rehearing Denied September 14, 1973.
*890 Mouton & Mouton by Welton P. Mouton, Sr., Lafayette, for defendants-appellants.
Pugh & Boudreaux by Nicholls Pugh, Jr., Lafayette, for plaintiffs-appellees.
Before HOOD, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Defendants Maryland Casualty Company and its insured Charles Dore, d/b/a Charles Dore Welding and Machine Works, appeal the trial court award of $3,866.81 to plaintiffs Hartford Fire Insurance Company and its insured Stacy M. Stephens, Jr. Plaintiff Stephens answered the appeal seeking an increase in the award. We amend to increase the award to Stephens by $80 and affirm.
Plaintiff Stephens owned a Mack truck tractor which became disabled while it was being operated in Louisiana. The pan was removed and on visual inspection it was determined that the crankshaft was broken at or near the middle main bearing. It was decided that although the motor would run in that condition, it would be better to tow the truck back to its home base in Pensacola, Florida. Stephens contracted with Dore to tow the Mack tractor to Pensacola. Dore loaded Stephens' Mack tractor behind his wrecker with the rear end of the cab off the ground. Dore secured the steering wheel of the Mack tractor so that the front wheels would trail properly. He tied the steering wheel to the gearshift on one side and to the driver's door handle and rear view mirror on the other side.
While hauling the Mack tractor back to Florida, the chains securing the load broke. The Mack tractor proceeded backward out of control, crossed the highway and came to rest in a roadside swamp after having broken several small trees. Dore winched the Mack tractor out of the swamp and secured the load once again.
When the accident occurred, Stephens was riding with Dore and Stephens' driver, a Mr. Theodore, was sleeping in the bunk of the Mack tractor. After the accident Dore, Stephens and Theodore rode in the cab of Dore's wrecker. On arrival in Pensacola, Stephens paid half of the $160 wrecker charge. The parties differ as to why the balance wasn't paid. Dore testified that the $80 was considered full payment for the damage sustained by the Mack tractor as a result of the accident, and Stephens testified that $80 was all the cash he could raise at the time. Stephens testified that he was to pay the balance and Dore was to furnish the name of his insurance company. All agree that the remaining $80 was not paid.
When the Mack tractor was inspected it was found that there was a hole in the motor block, the front bumper and cross member were bent, the frame was bent, the *891 cab was damaged, the cab jack was torn off, the hoses on the back wall cylinders were broken, and the air tank and bracket were damaged. The motor and the transmission had substantial damage which was not related to the broken crankshaft.
The trial court awarded $2,871.81 as the cost of repairing damage caused by the towing accident. This was based on finding that the motor damage resulted from the fact that the truck was in gear when it came lose from its tow. Stephens was awarded $1,075 as loss of earnings less the $80 due on the towing charge.
Maryland has not specified the alleged errors relied upon as requested in the Uniform Rules, Courts of Appeal, Rule IX, § 3. Since an assignment of errors is not necessary (LSA-C.C.P. Art. 2129), we have determined from a study of the briefs that the alleged errors are:
1) Stephens' answer to the appeal should be dismissed because it came too late.
2) Stephens' claim for losses allegedly resulting from his six weeks loss of use of the Mack tractor prescribed because the claim was filed seven years after the original petition was filed.
3) Hartford failed to prove its subrogation to the $2,621.81 paid to Stephens because Hartford did not introduce the insurance policy and did not introduce the check by which Stephens was paid for the claim.
4) Ninety-nine percent of the damage to the Mack tractor was related to the broken crankshaft rather than to the towing accident.
5) The evidence does not support the trial court's award to Stephens of $1,075 for loss of earnings and out of pocket expenses allegedly resulting from the accident.
6) If the judgment is affirmed, the award of interest should be reduced because the case was not promptly tried.

1.
The answer to the appeal was timely filed. The final return date fixed by the trial court was May 14, 1973 and the answer to the appeal was filed April 26, 1973. Under LSA-C.C.P. Art. 2133, appellee may answer the appeal within fifteen days after the return day or the lodging of the record, whichever is later. (Emphasis added.) The answer to the appeal was timely even though the record was lodged on April 9 and the appeal was not answered until April 26th.

2.
Plaintiff Stephens' June 7th, 1968 amendment to his March 8, 1962 petition was timely. In his original petition Stephens claimed $250 damages resulting from the March 11, 1961 accident. The 1968 amendment increased the same claim for damages. The trial court overruled Maryland's exception of prescription and Maryland has not cited either statutes or jurisprudence to support its contention that the claim for lost earnings prescribed. When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition. LSA-C.C.P. Art. 1153. See Also LSA-C.C.P. Art. 1151. Stephens' 1968 amendment was timely filed.

3.
The trial court properly held that Hartford was subrogated to Stephens' claim to the extent of the $2,621.81 awarded Hartford. Stephens testified that he received this amount and subrogated Hartford to that amount of the claim. The proof of loss (Exhibit P-16) and the act of subrogation (Exhibit P-17) confirm this fact. Maryland has not cited authority to support its argument that Hartford must *892 introduce its insurance policy and/or its cancelled check in order to establish that it was properly subrogated. The evidence supports the finding that the conventional subrogation took place at the same time as the payment and therefore the requirements of LSA-C.C. Art. 2160 were met. Alternatively, Hartford was legally subrogated to the claim. Hartford Accident and Indemnity Company v. Byles, 280 So.2d 624, (La.App. 3 Cir. 1973).

4.
Maryland's chief contention is that the trial court erred in its factual determination that the accident caused damages in excess of $80. The prime contention is that the trial court erred when it rejected Dore's testimony that the Mack Tractor was not in gear at the time of the accident. We agree that if the truck had not been in gear at the time of the accident, the motor damage would not have been related to the accident.
Maryland contends that Stephens should be discredited because he has an interest in the case and because his testimony is allegedly contradicted by his other witnesses; that Stephens' witness Theodore was discredited because he had been guilty of felony theft and because there were conflicts in his testimony; that the repairman who repaired Stephens' tractor was discredited because he could not read or write and his testimony was conflicting. On the other hand Maryland contends that Dore had no pecuniary interest in the litigation and that his testimony should have been accepted.
There is substantial conflict in the testimony given by Dore as against that of Stephens and his witnesses. Nevertheless there is evidence in the record to support the trial court's conclusion that Dore tied the steering wheel to the gear shift; that this placed the truck in gear; and that when the Mack tractor lost its tow the motor and transmission suffered substantial damage.
The trial court's findings of fact are entitled to great weight and will not be reversed absent manifest error, especially when the findings are based upon evaluating the credibility of opposing witnesses. Flax v. Atchafalaya Workover Contractors, Inc., 268 So.2d 308 (La.App. 3 Cir. 1972). There is no manifest error in the determination that the March 11, 1961 accident caused $2,871.81 damage to the Mack tractor.

5.
The award of $1,075 to Stephens for his loss of four weeks earnings and his out of pocket expenses was supported by the evidence. The trial court properly deducted two weeks loss of earnings from the six weeks that the tractor was out of service. This amount of time was required to repair the broken crankshaft which was not related to the accident. There is impressive evidence supporting Stephens' and Theodore's testimony concerning the earnings and expenses related to operating Stephens' rig. The trial court properly admitted numerous statements showing payments made by Refrigerated Transport Co., Inc. of Atlanta for the use of Stephens' Mack tractor. The $1,075 to cover the loss of Stephens' net earnings for a four week period is neither excessive nor inadequate.

6.
Maryland has cited no authority to support its request that the award of interest to Hartford and Stephens should be reduced because the case was not promptly tried. Furthermore the contention is rejected because there is no showing that Maryland attempted to get the case tried at an earlier date. Maryland filed a motion for summary judgment and several exceptions, all of which were without merit. The answer to the merits was not filed until June 18, 1965. Maryland's request for admissions was not filed until June 2, 1969. *893 We find no merit to Maryland's request for a reduction in the award of interest.
For reasons assigned we have concluded that there is no merit to Stephens' answer to the appeal insofar as it seeks an increase in the $1,075 awarded for loss of earnings and out of pocket expenses. But the trial court reduced the award to Stephens by allowing a credit or offset to the $1,075 award to Stephens in the amount of $80. This was to cover the unpaid towing charges which the trial court found to be due by Stephens to Dore. We reverse this deduction because it was not claimed in the pleadings.
The award to plaintiff Stacy M. Stephens, Jr. and against defendants Maryland Casualty Co. and Charles Dore is increased by the sum of $80 together with legal interest from date of judicial demand. The remainder of the trial court judgment is affirmed at defendants-appellants' costs.
Amended and affirmed.