315 So.2d 354 (1975)
AUDUBON INSURANCE COMPANY
v.
Rosemary Francois, wife of/and Alvin FRANCOIS and Marc A. Levy.
No. 6878.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
*355 Bienvenu & Culver, J. Michael Johnson, New Orleans, for Audubon Ins. Co.
Benjamin Washastrom, New Orleans, for Rosemary Francois, wife of/and Alvin Francois.
Before GULOTTA, STOULIG and MORIAL, JJ.
STOULIG, Judge.
Plaintiff, Audubon Insurance Company, as subrogee of its insured Marc Levy, filed suit against Rosemary and Alvin Francois for $679.01, the amount it paid Levy under collision coverage in the policy it issued to him. Plaintiff, alleging it had a conventional contract of subrogation, claimed Mrs. Francois' negligence was the sole proximate cause of the damage. Alternatively, the plaintiff averred should the court hold that Levy did execute a valid release absolving the Francois defendants of all liability, thereby nullifying any rights purportedly conveyed to the insurer under the subrogation agreement, he should be condemned to repay the sum of $679.01 received under his policy of collision insurance.
Mr. and Mrs. Francois filed (1) an exception styled "no right or no interest to file suit" alleging the release from Levy relieved them of further liability; and (2) an answer denying negligence and further averring the release absolved them of liability. Judgment was rendered maintaining "said exception."[1] Plaintiff has appealed.
When the exception was argued, the trial court let defense counsel introduce in evidence two documents: (1) a release from Marc Levy to Alvin Francois; and (2) a $250 check payable to Levy, signed by Francois. During the course of argument the exception was indiscriminately referred to as one of no cause of action; no right of action; and want of interest. If intended as an exception of no cause of action, it was erroneous to admit evidence in its support, for this exception must be tried on the face of the pleadings.[2] Accepting as true, for the limited purpose of this exception, the plaintiff's specific allegations of Mrs. Francois' negligence and her husband's vicarious liability as head and master of the community, the petition clearly states a cause of action.
If it is an exception of no right of action or want of interest, it also lacks merit, for this exception places at issue only the right or capacity of the litigant to institute and maintain the cause of action set forth in the petition. It cannot be utilized to assert a special defense to defeat the merits of the claimthe cause of action.[3] The subrogation from Levy to plaintiff[4] gives it the capacity and interest to sue.[5]
The effect of the alleged release on plaintiff's claim should be determined on a trial on the merits, for what defendants have urged as an exception is in the nature of a special defense.
*356 For these reasons, the judgment is reversed and this case is remanded for further proceedings consistent with the views herein expressed; costs to await the final disposition of this matter.
Reversed and remanded.
NOTES
[1] The court in its judgment did not designate the character of the exception maintained.
[2] C.C.P. art. 931; Georgia Pacific Corporation v. B.G.M. Builders, 154 So.2d 78 (La. App. 1st Cir. 1963).
[3] Though not factually apposite, this principle of law is enunciated in Invest, Incorporated v. State, 247 So.2d 175 (La.App. 1st Cir. 1971); Langley v. Copolymer Rubber and Chemical Corporation, 233 So.2d 353 (La. App. 1st Cir. 1970).
[4] Exceptor tendered this subrogation agreement into evidence.
[5] C.C.P. art. 697.