HALL, Judge.
Plaintiff, Commercial Union Assurance Companies, as subrogee of its insured Sco-gin Chevrolet Company, Inc., filed suit against the unopened succession of Woodrow Carter and Carter’s liability insurer, *185 Southern Farm Bureau Casualty Company, seeking to recover $1,932.25 paid by it to its insured for damage to the insured’s pickup truck sustained in a collision with a truck owned and driven by Carter. The defendants denied liability and Southern Farm Bureau, as subrogee of Carter, reconvened against Commercial Union to recover $3,403.90 which it paid to its insured for property damage and medical expenses.
After trial, in written reasons for judgment, the district court questioned whether Franklin Parish, where the suit was brought, was the proper venue in view of the lack of evidence regarding in which parish the accident occurred; the court, however, did not rule on the venue question. The court found that plaintiff had failed to establish its standing to sue as subrogee because it failed to introduce its insurance policy into evidence and there was no evidence to establish that the provisions of the policy extended coverage to the driver of the insured vehicle, who did not have permission to drive it. Plaintiff’s demands were rejected. The court also rejected the demands of the plaintiff-in-re-convention, finding that the negligence of the driver of Commercial Union’s insured vehicle was not established.
From judgment rendered accordingly, plaintiff appealed. Defendant and plaintiff-in-reconvention answered the appeal. We reverse and render judgment in favor of plaintiff, Commercial Union.
No exception of improper venue was filed. Improper venue must be raised by the timely filing of a declinatory exception or the objection is waived. LSA-C. C.P. Art. 925. The trial court is without authority to raise the venue question on its own motion. Improper venue was not an issue in the trial court and is not at issue on appeal.
Plaintiff, Commercial Union, established the issuance of an insurance policy to Scogin Chevrolet Company through the testimony of its adjuster. The adjuster testified that the Commercial Union policy was in full force and effect at the time of the accident. The amount of damage to the vehicle and payment by plaintiff to its insured for the damage was established. A proof of loss and conventional subrogation agreement executed by the insured was filed into evidence. Plaintiff’s standing as subrogee and its right to bring this action was thereby clearly established. See Audubon Insurance Company v. Francois, 315 So.2d 354 (La.App. 4th Cir. 1975); LSA-C.C.P. Art. 697; Zurich Insurance Company v. Grain Dealers Mutual Insurance Company, 169 So.2d 6 (La.App.2d Cir. 1964). Introduction of the insurance policy into evidence is not necessary where proof of the subrogation is in the record. Brown v. Zito, 333 So.2d 649 (La.App. 4th Cir. 1976); Stephens v. Dore, 281 So.2d 889 (La.App. 3d Cir. 1973); Allen v. Baucum, 218 So.2d 662 (La.App. 4th Cir. 1969); Travelers Fire Ins. Co. v. Savoy, 82 So.2d 68 (La.App. 1st Cir. 1955); Automobile Ins. Co. of Hartford, Conn. v. Barnard, 30 So.2d 142 (La.App. 2d Cir. 1947). The cases cited by defendant and the trial court dealing with the defense of lack of coverage under a liability insurance policy because the driver at the time of the accident was operating the vehicle without the permission of the named insured are not in any way applicable to this case involving a subrogation action by a collision insurer.
On the negligence or liability issue, the evidence establishes that the vehicles were involved in a head-on collision on a two-way highway at night. Each side contended the other vehicle was in the wrong lane. The driver of plaintiff’s insured vehicle, Jerry Ezell, and one of his passengers, Jimmy Womack, testified the Carter truck, operating with only the passenger-side headlight burning, was well over into their driving lane when the collision occurred. Although one witness who saw the Carter vehicle immediately prior to the accident testified that both headlights were burning, the testimony of Ezell and Womack regarding the issue of fault stands uncontradicted. The state trooper who investigated the accident determined that the Carter truck was in the wrong lane, based on the location of some water spilled from the Carter vehicle onto the road at time of impact.
Defendant attacks the veracity of the testimony of Ezell and Womack because *186 they first told the investigating officer that Womack was driving at the time of the accident; later, both admitted that Ezell was driving. The teenagers’ reasonable explanation of why they said Womack was driving was because they were not sure Ezell was supposed to be driving, permission to drive the truck having been given originally to Womack by his father, a Sco-gin employee.
The preponderance of the evidence establishes that the accident was caused by the negligence of Carter in driving on the wrong side of the road, as found by the trial court. There was no negligence on the part of Ezell, who could not avoid the collision. Plaintiff is entitled to recover under its subrogation agreement.
For the reasons assigned, the judgment of the district court is reversed and set aside insofar as it rejected plaintiff’s demands. Judgment is rendered in favor of plaintiff, Commercial Union Assurance Companies, against defendants, the Unopened Succession of Woodrow Carter and Southern Farm Bureau Casualty Company, in solido, in the sum of $1,932.35, together with legal interest thereon from date of judicial demand until paid, and for all costs of this suit, including the costs of appeal. The judgment insofar as it rejected the demands of Southern Farm Bureau Casualty Company against Commercial Union Assurance Companies is affirmed.