459 So.2d 1368 (1984)
DAIRYLAND INSURANCE COMPANY, Plaintiff-Appellant,
v.
Anthony TRAIL, Defendant-Appellee.
No. 83-1101.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*1369 Plauche, Smith & Nieset, A.R. Johnson, IV, Lake Charles, for plaintiff-appellant.
McHale, Bufkin & Dees, Louis D. Bufkin, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
DOMENGEAUX, Judge.
Plaintiff, Dairyland Insurance Company, as subrogee of its insured, Joseph and Linda Malbrough, appeals the decision of the district court, granting defendant's motion for directed verdict and dismissing plaintiff's action.
On July 25, 1981, a 1973 Ford LTD owned by Linda Malbrough and driven by her husband, Joseph Malbrough, was struck from the rear on Highway 171 in Calcasieu Parish by a 1971 Cadillac automobile driven by defendant, Anthony Trail.
Dairyland filed suit against Anthony Trail alleging that it was legally and conventionally subrogated to the rights of Joseph and Linda Malbrough.
The petition averred that the accident and all resulting damages occurred solely as a consequence of the negligence of Anthony Trail.
Plaintiff contended that Trail was an uninsured motorist and that it paid $1,500.00 to Joseph Malbrough and $1,162.00 to Linda Malbrough for bodily injury claims resulting from the accident pursuant to the uninsured motorist provision of an automobile liability policy covering the 1973 Ford LTD.
Dairyland asserts that as a result of paying these claims it is subrogated to the rights of the Malbroughs and is entitled to recover from Trail.
Defendant answered, admitting that he was an uninsured motorist, but denied all other allegations.
At trial, plaintiff introduced evidence attempting to prove the negligence of the defendant, to show that Joseph and Linda Malbrough sustained bodily injuries, and to prove the extent of those injuries.
Despite objections by the defendant, evidence was adduced to show that the Malbroughs settled their bodily injury claims with Dairyland. The court allowed into evidence testimony by Mr. Malbrough that he settled his claim with Dairyland. Also admitted into evidence was a Receipt, Release, and Trust agreement and a Release of All Claims agreement entered into between *1370 Dairyland and Mr. and Mrs. Malbrough. The defendant objected to the introduction of this evidence on the ground that it not be allowed to prove the existence of the contract of insurance between the Malbroughs and Dairyland as per the best evidence rule. The defendant argued that the insurance policy was the best evidence of this contract and as such was the only evidence admissible to prove its existence. The trial judge noted the objection and allowed the testimony and the exhibits into the record only as proof that the Malbroughs had settled with Dairyland.
Dairyland failed to enter the insurance policy into evidence.
After plaintiff rested its case, the defendant moved for a directed verdict on the grounds that plaintiff had not proven that a contract of insurance existed between Dairyland and the Malbroughs and that Dairyland had failed to prove that Trail was an uninsured motorist.
The district court granted the defendant's motion for directed verdict and dismissed the plaintiff's case. The court stated that the dismissal was warranted due to the fact that the plaintiff failed to enter the insurance policy into the record. The trial judge, in oral reasons noted:
"The record does not contain the best evidence of a contract between the parties to the subrogation agreement, demonstrating that there was actually in effect an insurance policy, or even whether or not the policy had expired or had not yet taken effect. The court does not have sufficient information to make a ruling on the claim for reimbursement under the provisions of Article 22:1406D, and the Receipt and Release Claims, and subrogation agreements filed into the record as P-3 and P-4. Consequently the suit will be dismissed at plaintiff's cost."
Subsequently, a motion for new trial was filed by the plaintiff on the grounds that the judgment of dismissal was clearly contrary to the law and evidence. The district court denied the motion for a new trial.
There are two issues presented to this Court on appeal: (1) Whether the plaintiff's failure to introduce the insurance policy was fatal to its claim for subrogation; and (2) Whether the plaintiff was required to introduce evidence that the defendant was uninsured when the defendant admitted to being uninsured in his answer.

ISSUE I
The crux of Dairyland's argument is that it is conventionally and legally subrogated to the rights of the Malbroughs against Trail. Plaintiff bases this contention upon the fact that it paid the obligation owed to the Malbroughs by the defendant.
The defendant argues that since the plaintiff failed to enter the insurance policy into evidence there exists no proof that a contractual relationship existed between the Malbroughs and Dairyland and therefore Dairyland did not prove its right to subrogation. The trial court held that absent the insurance policy there was insufficient evidence to allow Dairyland to recover as subrogee.
Subrogation to the right of a creditor in favor of a third person who pays him, is either conventional or legal. La.C.C. Art. 2159. La.C.C. Art. 2160 defines conventional subrogation, it states in pertinent part:
"Art. 2160. The subrogation is conventional:
(1) When the creditor receiving his payment from a third person, subrogates him in his rights, actions, privileges, and mortgages against the debtor; this subrogation must be expressed and made at the same time as the payment."
The jurisprudence in Louisiana is well settled that the introduction of the insurance policy into evidence in an action by an insurer as subrogee is not necessary where there is other evidence introduced at trial for proving the subrogation. Allen v. Baucum, 218 So.2d 662 (La.App. 4th Cir. 1969); State Farm Fire & Casualty Company v. Sentry Indemnity Company, 316 So.2d 185 (La.App. 3rd Cir.1975); and Commercial Union Assurance Companies v. *1371 Carter, 392 So.2d 184 (La.App. 2nd Cir. 1980).
Therefore for an insurer to prove its right to conventional subrogation it need only introduce evidence sufficient to meet the requisites of La.C.C. Art. 2160.
In the instant case there is testimony in the record by Mr. Malbrough that Dairyland was his insurance company and that the claims were settled with Dairyland.
The record also contains a Receipt, Release, and Trust agreement and a Release of All Claims agreement, both of which were signed by the Malbroughs. The agreements acknowledge receipt by Mr. and Mrs. Malbrough of the amount now being claimed by and on behalf of Dairyland. Of paramount importance is that both agreements contain language expressing a right of subrogation on behalf of Dairyland. See Allen v. Baucum, supra, and Stephens v. Dore, 281 So.2d 889 (La. App. 3rd Cir.1973).
We find that the evidence is sufficient to prove that a conventional subrogation took place at the same time as the payment and that therefore the requirements of La.C.C. Art. 2160 have been met. We further hold that Dairyland's status as subrogee has been sufficiently proven and its failure to introduce the insurance policy itself does not destroy its claim.

ISSUE 2
Counsel for defendant moved for a directed verdict not only because the insurance policy is not introduced but because plaintiff had not proven that Trail was uninsured. The trial court granted the dismissal but only referred to the absence of the insurance policy.
The issue presented is whether the plaintiff was required to present evidence that the defendant was uninsured when the defendant admitted that he was uninsured in his answer.
Dairyland alleged in paragraph 9 of its petition that:
"[a]t the time of the accident Trail was an uninsured motorist."
Paragraph 9 of defendant's answer simply states:
"Admitted."
On factual matters a party is bound by its pleadings. C.C. Art. 2291. State v. Ward, 314 So.2d 383 (La.App. 3rd Cir.1975). An admission in a pleading falls within the scope of a judicial confession and is a party's explicit admission of an adverse factual element; it has the effect of waiving evidence as to the subject of the admission. La.C.C. Art. 2291. Crawford v. Deshotels, 359 So.2d 118 (La.1978), and Smith v. Board of Trustees of Louisiana, 398 So.2d 1045 (La.1981).
We therefore hold that as defendant admitted to being an uninsured motorist in his answer that plaintiff is not required to introduce evidence of such at trial.
For the above and foregoing reasons the judgment of dismissal is reversed and the case is hereby remanded to the trial court for further proceedings not inconsistent with the views expressed herein. Costs at trial to await final disposition of this matter. Costs on appeal are assessed against defendant.
REVERSED AND REMANDED.