PRESTON H. HUFFT, Judge Pro Tem.
Richard Smith, plaintiff-appellant, appeals the trial court’s dismissal of his tort claim for personal injuries against Allstate Insurance Company, defendant-appellee. The trial court granted Allstate’s peremptory exception of no cause of action based *649 upon Allstate’s presentation of certain drafts apparently endorsed and negotiated by plaintiff and oral testimony introduced through the depositions of plaintiff and of Kathleen Davis, an adjuster for Allstate. The drafts contain language that the respective amounts represent full payment of claims for injuries sustained by Smith in an automobile accident.
On the morning of March 5, 1984, Richard Smith was riding as a guest passenger in a car driven by his immediate supervisor, Robert Bayard (“Bayard”), and owned by Bayard’s father, Donald Bayard. Bayard and Smith were en route to work in Belle Chase, Louisiana. An accident occurred when Bayard attempted to pass a truck which had slowed down in front of the car Bayard was driving. Bayard steered into the opposite lane of traffic of a two lane highway in order to pass the truck; the vehicle collided, nearly head on, with an oncoming vehicle driven by Dung Van Nguyen, and all men were taken to the hospital.
The plaintiff apparently sustained injuries to his head, neck, lower back, and knee as a result of the accident. The plaintiff received treatment in the hospital’s emergency room and was released. After-wards, plaintiff visited his personal physician; the injuries, though painful, appeared to be minor. Nonetheless, seven months after the accident, one of the plaintiff’s knees became swollen after a hard day at work. Plaintiff visited an orthopedist who performed surgery on the knee. During this hospital stay, the orthopedist examined the plaintiffs back with a computerized scanning technique and diagnosed disc damage in plaintiff’s lower back. At present, the plaintiff, who previously worked as a welder, claims to be functionally disabled because of his back injury.
Between the time of sustaining injury in the accident and the manifestation of his acute knee problem, the plaintiff had discussions with Kathleen Davis, an adjuster with Allstate. The content of their discussions is in dispute. Allstate issued two payments, in the form of drafts, to plaintiff for $220.00 and $424.69. These drafts contained language that they were issued as final payments of medical coverage and bodily injury claims arising from the accident. Allstate submitted together with the drafts a form of release which the plaintiff did not sign or return to Allstate. The plaintiff contends that he telephoned Allstate after receiving the drafts and release and that he was advised verbally by a female employee at Allstate that he could cash the drafts without compromising his rights. The plaintiff stated that the Allstate employee said, “Well, don’t worry about that you can go ahead and cash them, and when you stop hurting, you can sign the release form and send it back to me.” The plaintiff stated in his deposition that he was not certain but that he believed and had assumed that this employee was the same person, namely Kathleen Davis, whom he had spoken to earlier about his claim. After this conversation, the plaintiff apparently endorsed and negotiated the drafts. Davis denies having had this conversation; Allstate says that nothing in the applicable claim file indicates such a conversation took place but has refused to allow Smith’s counsel to review the file by claiming that the work product privilege bars such examination. Smith asserts that he did not notice the “final settlement” language on the checks. The language on the drafts states as follows:
(A) In Payment of: Final Settlement of Claim Under Medical Payments Coverage Arising From Accident of 03/05/84.
(B) In Payment of: Final Settlement of Claim For Bodily Injury Arising From Accident on 03/05/84.
On March 1, 1985 plaintiff filed a Petition for Damages against Allstate Insurance Company, and its insured Donald B. Bayard and Robert J. Bayard, and The Prudential Insurance Company of America and its insured Dung Van Nguyen. The defendants Allstate Insurance Company, Robert J. Bayard and Donald B. Bayard together filed an Answer and Third Party Demand on May 20,1985; the sole affirmative defense they plead is assumption of risk. Allstate also filed on the same date a *650 peremptory exception of no cause of action based upon the plaintiff’s alleged endorsement and negotiation of the two drafts noted above. On July 26, 1985, Allstate filed a motion to set the peremptory exception of no cause of action for hearing. The plaintiff filed on August 8, 1985, an opposition to a hearing on the exception until discovery had been completed. On August 22, 1985, the trial judge noted that the exception brought must be heard on a trial of the merits pursuant to La.C.C.P. art. 929 and denied the motion to set the matter for hearing.
Despite the earlier and proper denial to set a hearing on the peremptory exception before a trial on the merits, the court’s pre-trial order, dated February 24,1986, set a hearing on the exception for March 25, 1986, when the court heard oral arguments. Prior to the hearing on the peremptory exception, plaintiff’s counsel filed a memorandum which opposed the hearing on procedural grounds and requested dismissal, but which also addressed the substantive issues as a precaution and subject to the procedural objections. The appellant’s brief states that plaintiff Richard Smith and Allstate’s adjuster Kathleen Davis were present at the hearing and that counsel for the plaintiff attempted to call Kathleen Davis to testify, apparently on the substantive issues but subject to the procedural objection. Appellant’s brief also states that counsel for Allstate objected to calling Davis as a witness, but does not say why, and that the trial judge stated that he preferred to decide the disposition of the exception, apparently the substantive issues, based upon the testimony of Smith and Davis in their depositions. The appellant’s brief states that both counsel agreed to the procedure. The trial court ruled in favor of the peremptory exception, without assigning reasons, from which plaintiff has appealed.
Plaintiff presents the following issues on appeal:
(A)In Louisiana, does negotiation by a creditor of a full payment check tendered by a debtor serve to compromise the underlying obligation, where the creditor did not consent to compromise the claim?
(B) Is there adequate evidence in the record to support a finding that defendants have carried their burden of proving that plaintiff intended to compromise his claims against Allstate Insurance Company?
(C) Did plaintiff intend for his endorsement of Allstate’s payment draft to serve as a release of his claims?
(D) If plaintiff intended to compromise his claim for serious personal injuries for the amount of his out of pocket expenses only, was his consent vitiated by error or fraud?
(E) In this case, where there is a conflict in the testimony as to the intent of at least one party to the purported compromise, does the endorsement by that party of a negotiable instrument satisfy the code’s requirement that “this contract must be reduced to writing”?
Before addressing the issues raised by the plaintiff-appellant on appeal, we note an “assignment of errors is not necessary in any appeal.” La.C.C.P. art. 2129. We further note that the scope of our review on appeal encompasses “any judgment which is just, legal and proper upon the record on appeal.” La.C.C.P. art. 2164. In reviewing the record, we have concluded that the plaintiff's procedural opposition to the peremptory exception as shown on the record requires that the decision of the trial court be set aside and that the case be remanded for further proceedings.
As a preliminary matter, we note that the record does not reflect why the trial judge reversed his earlier and proper denial to set a hearing on the exception prior to a trial on the merits. We assume that the parties may have agreed to the procedure. Whatever the reason, we must dispose of the appeal before us according to what transpired with respect to the hearing on the exception held on March 26, 1985.
The “peremptory exception” of no cause of action brought by Allstate attempts to achieve summary judgment on an affirmative defense of compromise which Allstate *651 did not plead in its original and sole answer. La.C.C.P. art. 1003 requires that an answer “set forth all affirmative defenses as required by [C.C.P.] Article 1005.” La. C.C.P. art. 1005 includes compromise among the named affirmative defenses. Allstate did not properly put the affirmative defense of compromise at issue before the court.
Plaintiff opposed the peremptory exception on procedural grounds by citing La.C. C.P. art. 931 and Darville v. Texaco, Inc., 447 So.2d 473 (La.1984), and requested dismissal of the exception. In Darville v. Texaco, Inc., 447 So.2d 473, 474-5 (La. 1984), the Supreme Court stated that “the purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true.” La.C.C.P. art. 931 prohibits the introduction of any evidence “at any time to support or controvert the objection that the petition fails to state a cause of action.” Audubon Insurance Company v. Francois, 315 So.2d 354 (La. App. 4th Cir., 1975); and Sajare Interests, Ltd. v. Esplanade Management, Inc., 459 So.2d 748 (La.App. 4th Cir., 1984). By reviewing only the petition, in accordance with La.C.C.P. Art. 931 and the ruling of Darville, cited and quoted above, we find that plaintiff has stated a cause of action which requires that we reverse the trial court’s decision and dismiss the peremptory exception of no cause of action.
Use of the peremptory exception of no cause of action to achieve summary judgment on an affirmative defense, including compromise, is improper. In Audubon Insurance Company, supra, at 355, we held that the “effect of the alleged release on plaintiff’s claim should be determined on a trial on the merits, for what defendants have urged as an exception is in the nature of a special defense.” In the case at bar, the effect of the alleged release (if and when properly put at issue) should be determined at a trial on the merits. Defendants may not defeat plaintiff’s right to a trial on the merits through the exception of no cause of action with averments that raise new issues and are properly the subject of affirmative defenses. Corcoran v. New Orleans Firefighter’s Association Local 632, 379 So.2d 829, 830 (La.App. 4th Cir., 1980).
REVERSED AND REMANDED.