McCLENDON, J.,
dissents and assigns reasons.
1,1 respectfully disagree with the majority to the extent that it finds the filing of a liability policy issued in the tortfeasor’s name that lists the involved vehicle, coupled with proof that the plaintiffs damages exceed the coverage available under said policy, without any other evidence, is sufficient to satisfy the plaintiffs initial burden of proof that the tortfeasor was underin-sured.[1] While the existence of an excess, umbrella, or other policy covering the tort-feasor is not presumed, there remains the possibility that such policies exist.
Clearly, the methods provided under LSA-R.S. 22:1295(6) are not the exclusive means of establishing whether a tortfeasor is uninsured or underinsured. For instance, in Campbell v. Am. Home Assur. Co., 260 La. 1047, 258 So.2d 81 (La.1972), the court admitted as sufficient proof a letter signed by the driver’s husband which stated that the defendant driver had no liability insurance. See also Dairyland Ins. Co. v. Trail, 459 So.2d 1368 (La.App. 3 Cir.1984)(defendant admitted to being uninsured in his answer) and Schexnaider v. Rome, 485 So.2d 245 (La.App. 3 Cir.1986)(court admitted as declaration against interest testimony of broker that defendant told broker that he had no liability insurance at the time of the accident). However, in this case, no 12such additional evidence was offered. Although a liability policy was introduced, plaintiff failed to offer any testimony or other evidence showing that the coverage afforded Mr. Stuckey’s vehicle was limited to the policy issued by Progressive.
Further, plaintiff does not assert that she was unable to locate Mr. Stuckey in order to ascertain whether any other insurance policy may have provided coverage for the accident. Contrast Boudreaux v. State Farm Mut. Auto. Ins. Co., 385 So.2d 480 (La.App. 1 Cir.), writ refused, 392 So.2d 690, 691 (La.1980), Jones v. Liberty Mut. Fire Ins. Co., 99-2990 (La.App. 4 Cir. 2/18/00), 767 So.2d 45, and Loupe v. Tillman, 367 So.2d 1289 (La.App. 4 Cir.1979). In fact, plaintiff entered into a settlement agreement with Mr. Stuckey and Progressive and released both, but failed to obtain an affidavit, statement, or any other admissible evidence with regard to coverage.
Thus, I find the majority to be incorrect. Plaintiffs introduction of Progressive’s declarations page and policy did not meet the initial burden to show that Mr. Stuck-ey was underinsured. As such, the burden never shifted to Allstate to prove the existence of other applicable liability policies in order to defeat application of its underin- *790 sured motorist coverage. Accordingly, I respectfully dissent.

. I also respectfully disagree with the current jurisprudence from the Third Circuit that is in accord with the majority's rationale. See Scherer v. Chiasson, 469 So.2d 510 (La.App. 3 Cir.1985) and Simon v. Reel, 03-0932, p. 6 (La.App. 3 Cir. 3/3/04), 867 So.2d 174, 179.