447 So.2d 473 (1984)
Doris Marie DARVILLE, Individually and on Behalf of her Minor Children Bryan Darville, Marvis Darville and Tiki Darville,
v.
TEXACO, INCORPORATED and XYZ Insurance Company.
Nos. 84-C-0029, 84-C-0042.
Supreme Court of Louisiana.
March 9, 1984.
Reconsideration Denied April 2, 1984.
*474 John S. White, Jr., Kennon, White & Odom, Baton Rouge, for intervenor-applicant in No. 84-C-0029 and for defendant-respondent in No. 84-C-0042.
Paul J. Galuszka, Wiley G. Lastrapes, Jr., Joan G. Quinters, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for defendant-respondents, in No. 84-C-0029 and for plaintiff-applicant in No. 84-C-0042.
PER CURIAM.
Plaintiffs and Intervenor in this case have applied for writs, seeking review of the judgments, 442 So.2d 1246, sustaining the exception of res judicata filed by defendants Texaco Inc. and C.A. Reisdorf, an executive officer of Texaco, Inc. and the exception of no cause of action filed by the other seventeen defendants, all of whom are executive officers of Texaco Inc. We reverse the ruling on the exception of no cause of action and remand the case to the trial court.
On December 3, 1979 plaintiff's husband, Austin Darville, who was employed as a vacuum truck operator by Louisiana Vacuum Services, Inc., was killed while working at Texaco Inc.'s refinery at Convent, Louisiana. Plaintiff brought a diversity action in federal district court against Texaco and one of its executive officers, C.A. Reisdorf. The action was based on negligence, strict liability and intentional tort theories. Texaco claimed statutory employer status and moved for summary judgment. The trial court granted Texaco's motion, finding that Texaco was a statutory employer of the deceased and that the plaintiffs had failed to raise a triable issue of fact on the intentional act theory. This judgment was affirmed on appeal. Darville v. Texaco Inc., 674 F.2d 443 (5th Cir.1982).
The present action was filed in the Twenty-third Judicial District Court on December 19, 1979. Named defendants were Texaco, Inc., C.A. Reisdorf and seventeen other executive officers of Texaco who had been dismissed from the federal action for lack of diversity of citizenship. The petitions filed in this state court action are virtually identical to those filed in the federal court. As to defendants Texaco Inc. and C.A. Reisdorf the thing demanded in this action is the same as that which was demanded in the earlier suit, a money judgment for the wrongful death of Austin Darville. Likewise, the cause of action is the same. Plaintiff has alleged for the second time that the death of her husband was caused by the negligence and, or, intentional acts of Texaco and C.A. Reisdorf. The doctrine of res judicata therefore, is applicable with regard to these claims.
The petition, however, did not include an allegation that an employee-employer relationship existed between the deceased and Texaco, Inc. On the contrary, plaintiff has alleged that her husband was an employee of Louisiana Vacuum Services, Inc. and that her husband's death was caused by the negligence and intentional acts of Texaco, Inc. and seventeen of its executive officers.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for *475 the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. La.C.C.Pro. art. 927; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La. 1984); Haskins v. Clary, 346 So.2d 193 (La.1977). The general rule applicable to a trial of such exception is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Haskins, supra, at 195; West v. Ray, 210 La. 25, 26 So.2d 221 (1946).
Accordingly, since the allegations admit to a reasonable hypothesis under which the plaintiff would have a cause of action, i.e., that no employer-employee relationship existed between the deceased and Texaco Inc. and that plaintiffs' losses were caused by the negligence and, or, intentional acts of the exceptors, executive officers of Texaco Inc., the exception must be overruled.
We, therefore, conclude that the courts below erred in holding that plaintiff had failed to state a cause of action because she had failed to allege facts which would establish an intentional act. Having alleged that her husband was not an employee of Texaco Inc., plaintiff's allegations of negligence were sufficient to state a cause of action.
REVERSED AND REMANDED.