480 So.2d 999 (1985)
Karl F. ERMERT, III
v.
HARTFORD INSURANCE COMPANY, et al.
No. CA-3590.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
Rehearings Denied January 27, 1986.
Writs Denied March 21, 1986.
Jerald N. Andry, Gilbert V. Andry, III, New Orleans, for plaintiff-appellant.
Madison C. Moseley, Melanie J. Strigal, Blue, Williams & Buckley, Metairie, for Alkaney F. Cummings, Jr.
Jean E. Gibert, Ward & Clesi, New Orleans, for Joseph Caillouette and Robert Bourcq.
Daniel L. Dysart, Fernandez & Dysart, Chalmette, for Leon Brumfield and Allstate Ins. Co.
Robert A. McMahon, Jr., Carl J. Giffin, Jr., Bernard, Cassisa, Saporito & Elliott, Metairie, for Russell Larrieau.
Before BARRY, BYRNES and CIACCIO, JJ.
BARRY, Judge.
This suit involves an accidental shooting at a hunting and fishing camp which was dismissed by summary judgment and an exception of no cause of action.
*1000 Karl Ermert was Kenneth Larrieau's guest at the camp. Kenneth Decareaux, Robert Bourcq, Joseph Caillouette, Leon Brumfield, and Russell Larrieau were also there. Decareaux saw a nutria outside and got a shotgun. As he walked across the room the gun was pointed down but accidentally discharged and struck Ermert in the foot.
Ermert sued Decareaux, his business and insurer. By supplemental petition he alleged a joint venture and joined Bourcq, Caillouette, Brumfield, Larrieau, and Alkaney Cummings, Jr., plus the group as a legal entity. All except Decareaux filed motions for summary judgment which were granted. Exceptions of no cause of action filed by Larrieau and Brumfield were also maintained.
In his deposition Larrieau claimed he owned the camp, paid for the lease on the land, and provided materials to build the camp. He said the other defendants helped him build the camp in the 1960's. All the men paid yearly dues, used the camp, and were allowed to bring guests. Written rules were formulated at monthly meetings held long ago, but were not filed into the record. Allegedly, the rules were read to newcomers at the camp. A record of dues payment and the rules were kept in a book by Larrieau.
According to affidavits by Caillouette, Bourcq and Cummings, the camp was a social and recreational facility built by all the defendants except Decareaux. They said the men shared the costs of construction and the lease. Brumfield denied any interest in the camp and said he was only a guest. Decareaux denied ownership in the camp and claimed Larrieau paid the yearly lease and provided the construction materials. He admitted being one of six members (at one point he excluded Cummings and named five members) who organized the club by verbal agreement and built the camp. Decareaux later conceded he had brought used materials to be used for the camp and dock construction. He declared club members paid dues but didn't know what happened to the money. Decareaux claims there were no written rules and no regular meetings.
The party filing a motion for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. Klohn v. Louisiana Power and Light, 406 So.2d 577 (La.1981); Rachal v. Audubon Park Commission, 467 So.2d 1281 (La.App.4th Cir.1985), writ denied 469 So.2d 988 (La.1985). Summary judgment is available only when the pleadings, depositions and affidavits, if any, show there is no genuine issue as to a material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982). A summary judgment is not to be used as a substitute for a trial on the merits. Oller v. Sharp Electric, Inc., 451 So.2d 1235 (La.App.4th Cir.1984), writ denied 457 So.2d 1194 (La.1984).
Reasonable inferences to be drawn from subsidiary facts contained in the affidavits and depositions must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). All reasonable doubts are resolved against the granting of summary judgment. American Bank and Trust Company v. Sunbelt Environmental Systems, Inc., 451 So.2d 1111 (La.App. 1st Cir.1984).
The defendant's affidavits and depositions show conflicts on salient facts. Larrieau and Decareaux declare Larrieau paid the yearly lease while Bourcq, Caillouette and Cummings claim they paid their share. The latter three contend they also shared construction costs, but Larrieau claims he provided all the materials. Even Decareaux concedes he brought some materials. The three claim Brumfield helped build the camp and shared the costs plus the lease. Brumfield alleges he had no interest in the camp, was not responsible for improvements, made no payments, and was a guest. Larrieau mentions written rules, but Decareaux claims there are none. Decareaux at one point names only five members *1001 and contends he does not know how the dues money was used.
The evidence shows there was a "club". Whether the men were part of a juridical entity which is liable for the negligent shooting or for their failure to formulate safety rules is a question of fact. More information on the organization, membership, meetings and club rules could support a finding of negligence. The contradictory record does not support summary judgment.
The exceptions of no cause of action filed by Larrieau and Brumfield were also improperly maintained. The supplemental petition alleges the defendants comprised a joint venture and/or partnership and were liable individually and in solido for Decareaux's negligent act and for their failure to have safety rules.
For purposes of determining the issues raised by an exception of no cause of action, the well pleaded facts in the petition must be accepted as true. La.C.C.P. Art. 927. The exception must be overruled unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). Since the allegations as to the existence of a joint venture must be accepted as true, Ermert stated a cause of action.
The judgment granting summary judgment and maintaining the exceptions of no cause of action is reversed. The case is remanded for further proceedings.
REVERSED: REMANDED