499 So.2d 1260 (1986)
Elaine WILLIAMS, et al.
v.
CHARITY HOSPITAL OF LOUISIANA et al.
No. CA-5258.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
*1261 Nicolas Estiverne, Nicolas Estiverne & Associates, New Orleans, for plaintiffs-appellants Elaine Williams, et al.
Mark C. Surprenant, Donald C. Massey, New Orleans, for defendants-appellees Charity Hosp. of Louisiana, et al.
Before KLEES, WARD and WILLIAMS, JJ.
KLEES, Judge.
Plaintiffs/appellants are all employees of defendant/appellee Charity Hospital. Appellants filed suit against appellees claiming they were exposed to asbestos while in the course and scope of their employment and because of this they may face certain health risks in the future. Appellees filed an exception of no cause of action which was granted. This appeal followed. The issue presented is whether plaintiffs/appellants failed to state a cause of action against defendants/appellees. The trial judge found no cause of action and we agree.
Appellants contend that members of the safety committee at Charity Hospital were aware of their exposure to asbestos and did nothing to inform them of the danger of this exposure or to protect them. Members of this committee were also included as defendants. At the present time, plaintiffs do not have asbestosis or any other asbestos related disease. The original petition states that "All defendants herein were members of the safety committee at such institution and Charity Hospital of Louisiana... is responsible for all negligent acts of all the defendants named hereinabove."
The general rule in Louisiana is that an employee's exclusive remedy for job related injuries is workmen's compensation. L.S.A.-R.S. 23:1032. In order to avoid the application of this rule, the employee must prove that the injury resulted from an intentional act. Mayer v. Valentine Sugars, Inc. 444 So.2d 618 (La.1984).
Appellants were given two opportunities to amend their petition. In the second amendment, appellants added the phrases "defendants intentionally exposed plaintiffs to ... asbestos", "defendants intentionally exposed plaintiffs to an aggravation of a possible disease condition."
The Louisiana Supreme Court has held that in an intentional tort action, the plaintiff must prove that the person who acted either consciously desired the physical results of his act or knew that the result was substantially certain to follow from his conduct. Bazley v. Tortorich 397 So.2d 475 (La.1981). The insertion of phrases using the word "intentionally" did not transform plaintiff's assertion of an unsafe workplace into an intentional act.
*1262 The purpose of the exception of no cause of action is to determine sufficiency in law of the petition. Darville v. Texaco, Inc. 447 So.2d 473 (La.1984). This exception is tried on the face of the petition and the well pleaded facts in the petition must be accepted as true for the purpose of determining the issue raised by the exception. Id. An exception of no cause of action must be overruled "unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings." Id. at 475. Using this standard of review, we find that the trial judge was correct in granting appellees' exception of no cause of action.
For the reasons stated, the judgment of the trial court is affirmed. Costs to be borne by appellants.
AFFIRMED.