525 So.2d 550 (1988)
Bonnie UHLER
v.
EVANGELINE RIDING CLUB, et al.
No. 87-303.
Court of Appeal of Louisiana, Third Circuit.
May 11, 1988.
*551 Domengeaux & Wright, Philip S. Aucoin, Jr., Anthony Moroux, Lafayette, for plaintiff/appellant.
Haik, Minvielle & Comeax, Julius W. Grubbs, New Iberia, for defendant/appellee.
Michael S. O'Brien, Lafayette, Hebert, Mouledoux & Bland, David M. Flotte, New Orleans, for defendant/appellant.
Before FORET, STOKER and DOUCET, JJ.
FORET, Judge.
Bonnie Uhler filed suit against Evangeline Riding Club (Riding Club); its insurer, Aetna Casualty & Surety Insurance Company (Aetna); Iberia Parish Police Jury and its insurer, Great Plains Insurance Company (Great Plains), for injuries resulting from an accident occurring on May 5,1984. Thereafter, plaintiff amended her petition to add Horseman's United Association Insurance Company (Horseman's United) as a defendant, alleging that Horseman's United provided additional liability insurance coverage for Riding Club. Riding Club and Horseman's United filed a motion for summary judgment, which was granted by the trial court on December 15, 1986. Plaintiff, Bonnie Uhler, and defendants, Iberia Parish Police Jury and Great Plains Insurance Company, have devolutively appealed.
Plaintiff alleges that on May 5, 1984, she attended a horse show at Derouen Horse Arena, sponsored by Riding Club. Plaintiff desired to enter one or more events to be held at the horse show and, while exercising her horse, struck a utility guywire appurtenant to the horse show facility, resulting in serious injuries to her left knee. The evidence of record indicates that the Derouen Horse Arena is owned by Iberia Parish and the maintenance and use of the arena are administered by the Iberia Parish Recreation & Playground Board. Occasionally, Riding Club does obtain permission from the Iberia Parish Recreation & Playground Board to sponsor horse shows in the arena and one such horse show was held on May 5, 1984.
The sole issue presented for our consideration on appeal is whether or not the summary judgment granted in favor of Riding Club and Horseman's United should be overturned. For the reasons hereinafter set forth, we reverse the decision of the trial court and remand this case for further proceedings consistent herewith.
The Police Jury and Great Plains, its insurer, complain on appeal that the trial court abused its discretion by refusing to grant a continuance so as to obtain and present evidence, which they say existed, that the Riding Club did indeed hold and sponsor a horse show at the Derouen Horse Arena on May 5, 1984, the alleged date of accident. Needless to say, the trial court has great discretion in such matters. Indeed, the Police Jury and its insurer had over a year in which to discover and to prepare for the case. Immediately prior to the hearing on the motion for summary judgment, the Police Jury and its insurer attempted, then, to get a continuance. Our learned brother of the trial court was entirely correct in refusing to continue the matter or to allow further filings by the *552 Police Jury considering that the Police Jury had had ample opportunity to make its filings prior to the hearing on the motion for summary judgment.
Further, considering only the filings introduced in connection with the motion for summary judgment, the trial court indeed properly granted the motion for summary judgment in favor of Riding Club and Horseman's United. The affidavits filed by Riding Club and Horseman's established that the Iberia Parish Recreation & Playground Board had no record of the Riding Club having rented the Derouen Arena on the date of the accident in question; thus, the trial court concluded that Riding Club had not occupied the arena on the date of plaintiffs accident, and accordingly this finding of fact entitled the Riding Club and Horseman's United to judgment as a matter of law, dismissing them from the lawsuit.
However, our review of the record leads us to a contrary conclusion. Riding Club has admitted, both in its answer (a fact which may not have been brought to the trial court's attention) to plaintiffs lawsuit and in its brief filed on appeal, to having sponsored the horse show at which plaintiff was injured. In its answer to plaintiffs petition, Evangeline Riding Club avers as follows:

"15.
EVANGELINE RIDING CLUB sponsored and conducted a horseshow on or about May 5, 1984, on property belonging to the Iberia Parish Council. On this property was an arena or show area designed and constructed by persons or parties other than EVANGELINE RIING CLUB.

16.
The accident in which plaintiff was allegedly injured occurred outside the arena and away from the various events in the horse show."
The Riding Club's answer continues, urging its lack of liability, and alternatively, alleging contributory negligence on the part of the plaintiff. Accordingly, for the purposes of deciding whether or not the summary judgment should be overturned, we consider Riding Club's sponsorship of the horse show in question to be an established fact.[1]
The next inquiry is whether there is a possibility of liability on the part of Riding Club. In Rosenberger v. Central La. Dist. Livestock Show, Inc., 312 So.2d 300 (La.1975), the Supreme Court affirmed the judgment of the trial court holding the sponsor of a rodeo liable for injuries sustained by one of its participants. In so holding, the Court stated the following:
"We agree that bareback bronco riding is an extremely dangerous activity and we agree that plaintiff assumed the natural and ordinary risks of that type of contest, such as being thrown from the horse, or being run into a wall by the horse. We do not, however, believe the plaintiff assumed the risk of injury from negligent operation or maintenance of the rodeo premises. Furthermore, we find from a review of the record that plaintiff was not aware of the dangerous condition, the open gate, nor could he have been so aware by the exercise of reasonable care. We believe as did the trial judge that plaintiff only assumed those risks ancillary to bronco riding, and not extraordinary risks created by negligently maintained premises.

. . . . .
"The occupier of premises used for athletic events or amusements must maintain the premises in a reasonably safe condition and furnish such equipment or services as is necessary to minimize or prevent injury to others from conditions which probably, or foreseeably may cause damage."
Riding Club was clearly the sponsor of the horse show in question and was therefore the occupier of the arena. As such, Riding Club and its insurer, Horseman's United, are subject to tort liability under *553 either negligence or strict liability principles and the record presented to us on appeal fails to resolve many important factual issues which are presented by each theory of recovery. For example, Riding Club may have been negligent in failing to remove or relocate the guywire in question or in failing to warn the horse show participants, by flags or otherwise, of its location. Furthermore, they may have also been negligent in failing to provide proper lighting in or near the arena. While we do not, by any means, intimate that negligence or strict liability exists, it is clear that the record presented on appeal does not resolve these, as well as many other factual issues which are presented by the plaintiff's lawsuit. Accordingly, because there exist several genuine issues of material fact in this case, the summary judgment granted by the trial court must be overturned. See Ermert v. Hartford Ins. Co., 480 So.2d 999 (La.App. 4 Cir.1985), writs denied, 484 So. 2d 672, 673, 674 (La.1986).
For the reasons hereinabove set forth, the judgment of the trial court is reversed and this matter is remanded to trial court for further proceedings. All costs of this appeal are to be paid by appellees, Riding Club and Horseman's United. Costs at the trial level shall await final disposition of this matter.
REVERSED AND REMANDED.
NOTES
[1] In reaching our decision on appeal, we did not consider any of the depositions or other evidence discussed by the parties to this appeal which were not introduced into evidence in connection with the motion for summary judgment filed by appellees.