LOBRANO, Judge.
Appellant, Nathaniel Joseph, appeals the trial court’s failure to immediately rule on his default confirmation, and the maintaining of appellee’s exception of no cause of action.
Nathaniel Joseph filed this lawsuit on January 30, 1987 against William Cannon, and others, asserting a cause of action for malicious prosecution. Cannon was served on February 8, 1987. On February 26, 1987 Cannon’s attorney was granted an additional 30 days within which to file responsive pleadings. When no responsive pleadings had been filed by April 7th, appellant obtained a preliminary default. On the morning of April 13th the trial court conducted the confirmation proceedings. At the conclusion of Joseph’s evidence the court took the matter under advisement. In so doing, the trial judge expressed concern over the “narrow issue of inference of malice versus simple mistake or emotional upset causing error.” He gave Joseph’s attorney until the end of the week to submit legal authority on that issue. He further advised “I won’t decide the issue until then.”
At approximately 1:30 p.m. on the same date, Cannon filed an exception of no cause and no right of action. A hearing on this exception took place on June 5th. On July 13, 1987 the trial court maintained the exception and dismissed Joseph’s suit as to Cannon.
In this appeal, Joseph first argues that the trial court erred in taking the default confirmation under advisement. The thrust of his argument is that he presented sufficient evidence to prove his allegation of malicious prosecution, and therefore there was no reason to take the matter under advisement. We disagree.
The record is clear the trial court was concerned with the issue of malice. La.Code of Civil Procedure Article 1637 provides:
“After the trial is completed, the court may immediately pronounce judgment or take the case under advisement.”
We know of no law, nor has any been cited, which prohibits a judge from taking a default confirmation under advisement. There is no authority to require the trial judge to immediately render judgment where a matter is taken under advisement, especially for purposes of further briefing and legal authority. We reject this argument.
Plaintiff further argues that the trial court erred in maintaining Cannon’s exception of no cause of action. We agree.
The peremptory exception of no cause of action must be decided on the face of the petition and no evidence may be introduced to support or controvert that exception. La.C.C.P. Art. 931. The exception is triable on the face of the petition and in deciding the issues raised by the exception, all well pleaded facts must be assumed as true. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). The purpose of the exception is to determine the sufficiency in law of the petition. Darville, supra.
It is well established that, in order to succeed in an action for malicious prosecution, a plaintiff must assert and prove the following elements:
1) The commencement or continuation of a criminal or civil proceeding.
2) Its legal causation by the present defendant against the plaintiff.
3) Its bona fide termination in favor of the present plaintiff.
4) The absence of probable cause for such proceeding.
5) The presence of malice.
6) Damages resulting to plaintiff.
Johnson v. Pearce, 313 So.2d 812 (La.1975), and the cases cited therein.
*374 With these guidelines in mind, we have reviewed the allegations of plaintiffs petition and conclude it does state a cause of action for malicious prosecution. The petition asserts that Joseph was arrested as a result of the complaint and identification made by Cannon, that Joseph was subsequently found innocent of the charges, and that Cannon knew or should have known that plaintiff was not the perpetrator but insisted on prosecuting him. The petition also alleges that Cannon’s identification of Joseph as the perpetrator was either “intentional misconduct” or “grossly negligent”.
Based on these allegations, and assuming they are true for purposes of this exception, we conclude a cause of action for malicious prosecution is stated. Costs of this appeal assessed to defendant Cannon. Balance of costs to await outcome of the case.
REVERSED AND REMANDED.