KING, Judge.
The issue presented by this appeal is whether the trial court erred in granting defendants’ exceptions of no cause of action and res judicata and dismissing plaintiffs’ suit with prejudice.
Plaintiffs, Carlton N. Frank, Sr. and Rufus Charles (hereinafter plaintiffs), as representatives of a class, filed suit against the defendants, St. Landry Parish School Board and its individual members (hereinafter defendants), alleging racial discrimination in seeking and obtaining the passage of a bond and ad valorem school tax proposition. Defendants filed peremptory exceptions of no right of action, no cause of action, and res judicata, and a declinatory exception of lack of subject matter jurisdiction. The exceptions of no cause of action and res judicata were sustained by the trial court and plaintiffs’ suit was ordered dismissed with prejudice. Plaintiffs filed a motion for rehearing and/or new trial, which was denied. This timely devolutive appeal by plaintiffs followed. We affirm.
FACTS
On April 23, 1987, plaintiffs, as representatives of a class, filed suit against the defendants, the St. Landry Parish School Board and its individual members. The class of plaintiffs consisted of black citizens, taxpayers and voters of St. Landry Parish, Louisiana. This suit was one of many brought by various plaintiffs seeking relief from a bond and ad valorem tax proposition for the enlargement and improvement of the school system passed by the voters of St. Landry Parish, Louisiana. See Citizens Organized For Sensible Taxation v. St. Landry Parish School Board, 528 So.2d 1048 (La.App. 3 Cir.1988). The suit alleges that the defendants lobbied, campaigned, and obtained the necessary votes for the passage of an ad valorem construction tax to be used to acquire land to construct three new consolidated senior high school facilities and to renovate existing school facilities. Plaintiffs further allege:
“The defendants knew at the time they had sinister motives and malicious racist intentions of misleading, misinforming, and wrongfully advising the plaintiffs of their intentions. At all times, they intended to use the power of the money collected from the tax to perpetuate their long-standing policies and practices of ec *1202 onomic exploitation of Black people, undermining the Federal District Court’s decree in Brown versus Board of Education and Monteilh versus St. Landry Parish School Board.”
Defendants filed peremptory exceptions of no right of action, no cause of action, and res judicata and a declinatory exception of lack of subject matter jurisdiction on May 15, 1987. Defendants claimed that the same plaintiffs involved in this suit had also filed suit against defendants in the United States District Court, Western District of Louisiana, in the Civil Action bearing Docket No. 87-0882-L, entitled Rufus Charles and Carlton Frank v. St. Landry Parish School Board. The federal court had dismissed their prior suit on a number of grounds, but primarily because the only court with jurisdiction over the issue raised by plaintiffs was the court where the suit of Monteilh v. St. Landry Parish School Board, bearing No. 10-192 on the Docket of the United States District Court, Western District of Louisiana, was then pending and being litigated.
Defendants also alleged that the decision in Brown, et al v. St. Landry Parish School Board, Civil Docket No. 87-0738 on the Docket of the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana, dismissing a class action by black plaintiffs which made virtually identical claims to the instant case was res judicata to the case at bar.
Defendants cited two other cases which they allege are also res judicata to the issues presented in this case. One is Southern Development Foundation v. St. Landry Parish School Board, Civil Docket No. 87-0816-D on the Docket of the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana, and the other is Carmen v. St. Landry Parish School Board, Civil Docket No. 87-0921-C on the Docket of the Twenty-Seventh Judicial District for St. Landry Parish, Louisiana. In support of defendants’ exception of res ju-dicata various copies of the courts’ memorandum rulings in Charles and Brown, the judgment of dismissal in Southern Development Foundation and copies of the exceptions of lack of subject matter jurisdiction, no cause of action, no right of action, and res judicata in Carmen were filed in the proceeding.
In the memorandum ruling filed in Charles v. St. Landry Parish School Board, supra, the federal district court set forth background facts concerning the school ad valorem tax and took judicial notice of certain lawsuits where it stated that:
“The St. Landry Parish School Board, (hereinafter called ‘the Board’), beset by serious financial problems, set about in early 1986 to redefine the boundaries of three school attendance zones; close some older and less efficient school plants, and purchase sites for and erect thereon three new high schools financed by an ad valorem tax presented to the voters as Proposition 2 and approved by them on May 3,1986. This suit was filed on April 28, 1987. In the brief period between the passage of Proposition 2 and the filing of this suit no less than eight other challenges to the Board’s efforts have been brought by various citizens of the parish, most alleging themselves to be representatives of a class of black, property owner-taxpayers, as follows:
1. Monteilh v. St. Landry Parish School Board, No. 10-912 U.S. District Court, Western District of Louisiana, Section ‘O’.
2. Citizens Organized for Sensible Taxation v. St. Landry Parish School Board, No. 86-3000-A, 27th Judicial District Court, St. Landry Parish.
3. Eula Tezeno v. St. Landry Parish School Board, No. 86-1556-A, 27th Judicial District Court, St. Landry Parish.
4. Brown, et al v. St. Landry Parish School Board, No. 87-0738, 27th Judicial District Court, St. Landry Parish.
5. Southern Development Foundation, et al v. St. Landry Parish School Board, 87-0816-D, 27th Judicial District Court, St. Landry Parish.
6. Ruby Prudhomme Foraz. v. St. Landry Parish School Board, 87-0595, 27th Judicial District Court, St. Landry Parish.
*1203 7. Carlton N. Frank, et al v. St. Landry Parish School Board, 87-0880, 27th Judicial District Court, St. Landry Parish.
8. Henry Joseph Carmen v. St. Landry Parish School Board, No. 87-0921-C, 27th Judicial District Court, St. Landry Parish.
I take judicial notice of these actions, the allegations made therein, and their status. F.R.E. 201.”
The district court in Charles then noted:
“THE PRESENT CASE
Jurisdiction against that historic backdrop, and displaying no lack of interest or energy, Rufus Charles, Carlton N. Frank, Jr., Murphy F. Guillory and Luther Hill, not plaintiffs in Monteilh v. St. Landry Parish School Board, supra, alleging themselves to be representatives of a class, bring this action against the Board seeking to redress ‘racially discriminatory practices of the St. Landry Parish School Board in its implementation of Proposition 2’. Plaintiffs allege:
1. The Board rezoned school districts to promote its racially discriminatory practices in the new acquisition of sites for the three new schools.

2. The Board purchased sites for the new schools when other sites were more suitable and less expensive and equally available.

3. The sites purchased are in the ‘white communities’ not ‘black communities. ’
4. The Board failed to hire black architects.
5. Plaintiffs will be subjected to racial discrimination in hiring by the Board since the new sites are in zones represented by white members of the Board; it is the practice of the Board to hire principals, coaches, etc. recommended by the Board member from the district in which the school is situated and white board members will not recommend non-white persons for such positions.
6. The acquisition of the school sites violates the Louisiana Public Bid Law.” (Emphasis added.)
The first four allegations emphasized above in the Charles case are identical, if not verbatim, to the allegations made by plaintiffs in the suit at bar.
The district court in Charles concluded:
“The St. Landry Parish School system operates under the mandate and supervision of the United States District Court in Monteilh, supra, to maintain a unitary system. Basically, plaintiffs contend the Board’s actions in its implementation of Proposition 2 thwart the objective of a unitary system. The Court in Monteilh, supra, retained jurisdiction of matters pertaining to the preservation of a unitary system. (See opinion of Judge Scott of August 12,1971.) On January 3,1972 the Fifth Circuit Court of Appeals affirmed. That is the only proceeding in which the discrimination issues sought to be raised here may be raised. Hines v. Rapides Parish School Board, 479 F.2d 762 (5th Cir.1973). The proper course for plaintiffs is to seek intervention in Monteilh. This precise point was made by this court in August of 1986 in its ruling in Monteilh on the motion for a temporary restraining order brought by parents of children attending Melville High School who contended that the implementation of the temporary consolidation plan for the school year 1986-87 would promote a racially dual school system, but who failed to seek to intervene. This action must be dismissed as well.
% * * * * *
Recognizing that further discussion is unnecessary, the court is nevertheless compelled to state that, in its view, the present suit is simply an attempt to reliti-gate issues which have already been determined adverse to plaintiffs and which are pending in a plethora of suits previously filed, or to sap the finances and energy of the Board and thereby thwart its mission.”
EXCEPTION OF NO CAUSE OF ACTION
The peremptory exception of no cause of action tests the legal sufficiency *1204 of plaintiffs’ petition to allow recovery against the defendant. This exception is triable solely on the face of the petition, with all well-pleaded allegations of fact conceded as true. The exception must be overruled when the allegations establish that, under any facts admissible under the allegations of the petition, plaintiff has a cause of action. LSA-C.C.P. Art. 927(4), 931; Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (La.App. 3 Cir.1975). Here, it is clear that the trial court was correct and justified in sustaining defendant’s exception of no cause of action and dismissing plaintiffs’ suit. Plaintiffs’ petition fails to state a claim against the School Board or the individual defendants for which damages are recoverable under Louisiana law.
RES JUDICATA
The essentia] elements for sustaining an exception of res judicata are found in La.R.S. 13:4231:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
LSA-C.C.P. Art. 927 requires that res judi-cata be specifically pled.
It is clear that the trial court was correct in sustaining defendants’ exception of res judicata which they specifically pled. The relief demanded in the instant case is the same relief demanded in the other cases cited to support the exception of res judica-ta. The plaintiffs claim to be demanding relief under LSA-C.C. Art. 2315 et seq and 42 U.S.C. 1983, and this is the identical relief sought in the other cases. Likewise, the demand is based upon the same cause of action as appears in the cases cited by defendants; that is, the passage of the issuance of bonds and ad valorem tax for the construction of new schools and the renovation of old schools. The demand is between the same parties and formed by them against each other in the same quality. The defendants named in the other cases was the St. Landry Parish School Board and its individual members. The plaintiffs vary as to surname in some of the cases, but all are “black citizens, taxpayers and voters of the parish of St. Landry,” joined together in one class. Even one of the cases filed in federal court, entitled Rufus Charles and Carlton Frank v. St. Landry Parish School Board, supra, was brought by the same two plaintiffs named as class representatives in the present suit.
In Darville v. Texaco, Inc., 442 So.2d 1246 (La.App. 5 Cir.1983), rev’d on other grounds, 447 So.2d 473 (La.1984), reconsideration denied, 448 So.2d 1302 (La.1984), the Supreme Court held that where a federal court has rendered judgment adverse to a party, the doctrine of res judicata precludes redetermination of such claims against the same parties in a subsequent state action. See also, McCoy v. Tangipahoa Parish School Board, 308 So.2d 382 (La.App. 1 Cir.1975), writ den., 310 So.2d 856 (La.1975).
For the reasons stated above we affirm the decision of the trial court.
All costs of this appeal are taxed to plaintiffs-appellants.
AFFIRMED.