CRAIN, Judge.
This is an appeal of a judgment granting a motion for summary judgment in favor of Exxon Corporation and Exxon Risk Management Services.
FACTS
On September 6, 1986, Exxon Corporation held a picnic for the employees of the maintenance section of its Baton Rouge Refinery. The picnic was held at Thunderbird Beach, a recreational facility in Livingston Parish, which was owned at the time by Bissell & Associates, Inc. (Bissell).
The plaintiff was an employee of Exxon and attended the picnic. He alleges that he injured his neck when he dove from a diving platform and struck his neck on the bottom of a man-made lake.
Exxon Corporation and Exxon Risk Management Services (hereinafter Exxon) filed a motion for summary judgment which was granted by the trial court.
The sole issue for review is whether the trial court was correct in granting the motion for summary judgment.
ANALYSIS
A motion for summary judgment shall be granted if there is no genuine issue as to material fact and the mover- is entitled to judgment as a matter of law. La.C.C.P. art. 966.
There are no disputed issues of material fact in the present case. Employees of Exxon negotiated for the use of Thunderbird Beach for the picnic. Bissell was to provide lifeguards and the rest of their staff, as well as food for the Exxon employees. The plaintiff alleges that Exxon had custody or “occupied” the premises sufficient to incur liability because of the negotiation to use Thunderbird Beach and because Exxon provided and installed bases *1060 for a softball game, ropes for paddleboat races and a net for a volleyball game the day before the picnic as well as giving away door prizes and providing a clown at the picnic.
La.C.C. Art. 2317 provides in part: “We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the ... things which we have in our custody.”
In Rosenberger v. Central Louisiana District Livestock Show, Inc., 312 So.2d 300, 305 (La.1975), the Louisiana Supreme Court stated:
The occupier of premises used for athletic events or amusements must maintain the premises in a reasonably safe condition and furnish such equipment or services as is necessary to minimize or prevent injury to others from conditions which probably, or foreseeably may cause damage.
In Rosenberger, liability was assessed against the sponsor of a rodeo for an injury caused by the negligence of an employee of the sponsor.
In Rosenberger, Central, the rodeo sponsor, leased the' premises. They were in complete control and in charge of all events occurring. They sold tickets for admission, collected the proceeds and helped to make enough money from the rodeo to pay the lease of the premises. The court determined that Central was in complete control and charge of the rodeo.
This reasoning was applied by our brethren in the Third Circuit in Uhler v. Evangeline Riding Club, 525 So.2d 550 (La.App. 3rd Cir.1988) to reverse a summary judgment and hold that a sponsor of a horse show might be liable for an injury that resulted when a participant struck a guy-wire while practicing outside the arena.
In the present case, in the written order and opinion, the trial judge found from the depositions, affidavits and pleadings that it is undisputed that Exxon was nothing more than a “patron” of Thunderbird Beach.
Exxon was under no legal obligation to assure that there was adequate insurance coverage on the Thunderbird Beach area.
There was no indication that Exxon assumed responsibility for the premises.
There was no “exercise of custody and control” over the premises by Exxon.
There was no lease between Exxon and Thunderbird.
This was not a profit making venture on the part of Exxon.
Bissell agreed to provide their regular staff for the food booths, lifeguards and other activities.
The placement of bases on a softball field, gifts of door prizes or providing a clown to entertain the children falls short of the requisite control to make Exxon an occupier of the premises. It would be stretching the reasoning of Rosenberger to allow recovery against the sponsor of a company picnic that only sponsors, and assumes no control over the premises, the manner used, or the supervision and maintenance thereof.
The decision of the trial judge is affirmed. All costs are assessed against the appellant.
AFFIRMED.