647 So.2d 676 (1994)
Lou MAYO, Plaintiff-Appellant,
v.
NISSAN MOTOR CORPORATION, et al., Defendants-Appellants.
No. 93-852.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1994.
Writ Denied March 17, 1995.
John Taylor Bennett, Marksville, Charles Shelby Norris, Jr., Monroe, for Lou Mayo.
Michael Thomas Pulaski, Keith W. McDaniel, New Orleans, for Nissan Motor Corp.
Renee Yvette Roy, Mansura, for Everett Mayo Sr.
Howard N. Nugent Jr., Alexandria, for Red River Marine.
William H. deLaunay Jr., Alexandria, for Fischer Marine.
Before LABORDE, KNOLL, THIBODEAUX and COOKS, JJ., and CULPEPPER[*], J. Pro Tem.
KNOLL, Judge.
The Louisiana Supreme Court granted a writ of certiorari in this case and remanded it to us with the following instructions:
Granted and remanded to the court of appeal to consider Nissan Industrial Equipment Company's and Red River Marine's third party demands against Everette Mayo for reasons assigned by Judge Culpepper in his dissenting in part opinion.
Nissan and Red River filed third-party demands against Everette Mayo in the trial court, seeking contribution. After taking the case under advisement, the trial court determined that Nissan, Red River, and Everette Mayo were liable, but held them liable only for their virile shares. On this basis, it dismissed Nissan's and Red River's third-party demands against Everette Mayo. In our earlier opinion, we found that the trial court erred in this regard, particularly finding that Nissan, Red River, and Everette Mayo were solidarily liable joint tortfeasors.
Since we found that Everette Mayo was a joint tortfeasor and a solidary obligor, we grant Nissan's and Red River's third-party demands against him for contribution which the trial court dismissed. We note that according to Byrd v. Byrd, 657 F.2d 615 (4th Cir.1981), that there is no interspousal immunity barring recovery for torts under general maritime law. Therefore, interspousal immunity cannot be asserted in that context to defeat contribution. We further note that even though Louisiana law provides for interspousal immunity, LSA-R.S. 9:291, the Louisiana Supreme Court has held that contribution can be demanded from a concurrently negligent husband in a suit by the wife against the other joint tortfeasor. *677 See Smith v. Southern Farm Bureau Cas. Ins. Co., 247 La. 695, 174 So.2d 122 (1965).
For the foregoing reasons, we recognize Nissan's and Red River's rights of contribution and specifically grant the third-party demands by Red River Marine and Nissan against Everette Mayo. In all other respects, our prior judgment remains unchanged.
JUDGMENT ON THE THIRD-PARTY DEMANDS REVERSED AND RENDERED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.