I MURRAY, Judge.
This matter was remanded by the Supreme Court for our reconsideration of Eric West’s application for relief from the trial court’s failure to maintain his exception of no cause of action. After considering all briefs and oral argument, we find error in the judgment below and reverse.
FACTUAL ALLEGATIONS AND PROCEEDINGS BELOW
According to the petition submitted with this application,[1] Deborah West and her husband, Eric West, parked their car in the New Orleans Hilton Riverside Hotel garage on July 2, 1994, then boarded the Hilton’s Queen of New Orleans casino boat. While at the casino, Ms. West allegedly became “obviously intoxicated as a result of the free liquor pushed on her by employees of the casino.” The Wests left the casino and, after stopping at a club in the hotel, returned to the parking garage.
When the Wests were unable to find their car, a Hilton employee offered to assist in the search and invited Ms. West to board the golf cart he was driving. |2Pespite her allegedly obvious intoxication, Ms. West was not provided any protection against falling from the open vehicle, nor was she given any warnings of any danger. Ms. West felt the driver was speeding and asked him to slow down, but “[h]e suddenly and without warning whipped the cart around a curve at a high rate of speed, violently throwing Ms. West completely from the cart.” Ms. West suffered severe injuries from this accident.
In their petition, the Wests assert that Hilton Hotels Corporation and other related entities are liable for their employee’s negligent operation of an unsafe vehicle, for his failure to warn of the dangers of the open cart, for failing to properly train their employees, and for “[ojther acts and omissions to be shown at trial.”
Hilton Hotels Corporation and International Rivercenter Partnership, respondents herein, answered, denying liability. They subsequently filed a reconventional demand against Eric West, praying for judgment “for [his] comparative fault, contribution, indemnity and reasonable damages.” In support of their claims, the defendants allege that in the hours before his wife’s accident, Mr. West “was negligently inattentive to his wife’s ... steadily progressing state of intoxication and due to his apathy, indifference and lack of earing for his wife’s well being allowed her to become intoxicated ... which in turn caused her accident.” It is thus asserted that Mr. West’s “breach of the duty of care he owed his wife” renders him liable, in whole or in part, for the injuries suffered by Ms. West. Eric West responded with an exception of no cause of action, asserting that because defendants were merely raising an affirmative defense rather than an independent right to maintain an action against him, a reconventional demand was procedurally improper. However, the trial court overruled *520 the exception, resulting 18⅛ the writ application presently before us.
ARGUMENTS AND DISCUSSION
Although Mr. West contends that the defendants cannot assert their claim for contribution or indemnity in a reconventional demand, Article 1061 A of the Code of Civil Procedure provides as follows:
The defendant in the principal action may assert in a reconventional demand any causes of action which he may have against the plaintiff in the principal action, ... regardless of connexity between the principal and reconventional demands.
(Emphasis added.) This article specifies that it is the status of the parties, rather than the substance or the source of the claim asserted, that determines whether a reconventional demand is the proper pleading in this situation. Additionally, a defendant-ih-reeonventioris status as the injured party’s spouse does not affect an alleged tortfeasor’s right to claim contribution or indemnity based on the spouse’s legal fault. Mayo v. Nissan Motors Corp., 94-1978, 94-1990 (La.11/11/94), 644 So.2d 661-62, on remand, 93-852 (La.App. 3d Cir. 12/14/94), 647 So.2d 676, writs denied, 95-0147, 95-0148, 95-0160 (La.3/17/95), 651 So.2d 280-81. Therefore, we find no procedural error in defendants’ use of the recon-ventional demand to assert a claim against Mr. West.
The standards for evaluating the substance of Mr. West’s exception are well established:
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. Proc. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Kuebler v. Martin, 578 So.2d 113 (La.1991).
Everything on Wheels Subaru, Inc. v. Subar ru South, Inc., 616 So.2d 1234, 1235 |4(La.l993) (footnote omitted). The operative facts “upon which the defendant’s duty has arisen, coupled with the facts which constitute the latter’s wrong,” must be set forth in the pleading at issue. Id. at 1238, n. 4 (emphasis in original) (citations omitted).
In this reconventional demand, the sole fact asserted, as Mr. West’s wrong is his failure to prevent Ms. West’s intoxication, with the marital relationship specified as the sole basis for his duty to act. No authority, nor even argument, is offered to establish that one competent adult has a legal duty to prevent another’s voluntary intoxication. In contrast, it has been held that one minor generally has no legal obligation to refrain from providing alcohol to another minor, Gresham v. Davenport, 537 So.2d 1144, 1147 (La.1989), and the legislature has expressly prohibited the imposition of absolute liability on one who furnishes intoxicating beverages to another, La.Rev.Stat. Ann. § 9:2800.1. Given these considerations and circumstances, we do not find that an individual has a legal duty to prevent his or her spouse’s intoxication.
Because the allegations of the reconven-tional demand are insufficient to impose legal fault on Mr. West for his wife’s injuries, the defendants have not stated a cause of action against him for contribution or indemnity. Accordingly, the judgment below is reversed and the exception of no cause of action is maintained. Unless Hilton Hotels Corporation and International Rivercenter Partnership amend their reconventional demand within twenty-one (21) days to allege additional facts, the trial court is to enter a judgment of dismissal of their claims against Eric Lee West.
JUDGMENT REVERSED, MATTER REMANDED.

. None of the defendants have disputed the plaintiffs’ assertion that subsequent amendments to the petition attached to the writ application "are insignificant.”