liKLEES, Judge.
The sole issue presented for our review is whether the trial court erred in dismissing defendants’ reeonventional demands on plaintiffs’ exception of no cause of action. For the reasons stated herein, we affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiffs, Deborah West and Eric Lee West, filed the present suit for damages on July 6, 1994, naming as defendants the Hilton Hotels Corporation, Downtown Parking Services, Inc, and New Orleans Paddle-wheels, Inc., as a result of injuries sustained by Ms. West in the Hilton parking garage on July 2, 1994. Plaintiffs subsequently amended the petition to name as defendants Hilton New Orleans Corporation, Queen of New Orleans at the Hilton Joint Venture and International Rivercenter Partnership. By a second amended petition, plaintiffs named as defendant Scottsdale Insurance Company as insurer of the Hilton.[1]
Defendants, Hilton Hotels, International Rivercenter and Scottsdale Insurance Company, filed reeonventional demands against Erie West alleging that Mr. West’s negligence caused or contributed to his wife’s injuries. Eric West filed an exception of no cause of action to the reeonventional demands, which was denied by the trial court. A panel of this Court initially denied plaintiffs application for writs, but the matter was remanded by the Supreme Court for reconsideration. Following the remand, this Court issued an opinion reversing the trial court’s denial of plaintiffs exception of no cause of action and remanding the 12matter to the trial court to allow defendants to amend the reeonventional demand to state a cause of action. West v. Hilton Hotels Corporation, et al, 96-0684 (La.App.11/20/96), 684 So.2d 518. In that opinion, this Court accurately stated the facts as follows:
*181 According to the petition submitted with this application, Deborah West and her husband, Eric West, parked their car in the New Orleans Hilton Riverside Hotel garage on July 2, 1994, then boarded the Hilton’s Queen of New Orleans casino boat. While at the casino, Ms. West allegedly became “obviously intoxicated as a result of the free liquor pushed on her by employees of the casino.” The Wests left the casino and, after stopping at a club in the hotel, returned to the parking garage.
When the Wests were unable to find their car, a Hilton employee offered to assist in the search and invited Ms. West to board the golf car he was driving. Despite her allegedly obvious intoxication, Ms. West was not provided any protection against falling from the open vehicle, nor was she given any warnings of any danger. Ms. West felt the driver was speeding and asked him to slow down, but “[h]e suddenly and without warning whipped the cart around a curve at a high rate of speed, violently throwing Ms. West completely from the cart.” Ms. West suffered severe injuries from this accident.
In their petition, the Wests assert that Hilton Hotels Corporation and other related entities are hable for their employee’s negligent operation of an unsafe vehicle, for his failure to warn of the dangers of the open cart, for failing to properly train their employees, and for “[ojther acts and omissions to be shown at trial.”
Hilton Hotels Corporation and International Rivercenter Partnership, ... answered, denying liability. They subsequently filed a reconventional demand against Erie West, praying for judgment “for [his] comparative fault, contribution, indemnity and reasonable damages.” In support of their claims, the defendants allege that in the hours before his wife’s accident, Mr. West “was negligently inattentive to his wife’s ... steadily progressing state of intoxication and due to his apathy, indifference and lack of caring for his wife’s well being allowed her to become intoxicated ... which in turn caused her accident.” It is thus asserted that Mr. West’s “breach of the duty of care he owed to his wife” renders him liable, in whole or in part, for the injuries suffered by Ms. West.
| gAfter this recitation of the facts, the Court applied the standard of review for an exception of no cause of action, and concluded that defendants’ allegations in the recon-ventional demand were insufficient to impose legal fault on Eric West for the voluntary intoxication of his wife. Thus, the Court reversed the trial court’s denial of plaintiffs exception and remanded the case to the trial court to allow defendants to allege additional facts to state a cause of action.
In its original reconventional demand filed on January 26,1996 which was considered by this Court in our previous decision, defendants Hilton Hotels Corporation and International Rivercenter Partnership alleged that Mr. West’s inattentiveness to his wife’s progressive intoxication and his encouragement and tacit approval of her intoxication was a contributing factor of Mrs. West’s accident. The record indicates that defendants twice amended their reconventional demand to allege additional facts. On August 22, 1996, defendants filed an amended reconventional demand to include allegations that Mr. West was negligent in faffing to warn the driver of the golf cart of his wife’s intoxicated condition. On March 81, 1997, defendants filed a second supplemental and amending recon-ventional demand, adding the following paragraphs to its demand against Eric West:
I.
In addition to the allegations previously set forth in Defendants’ Reconventional Demands against Eric West (which are incorporated herein as if copied in exten-so) defendants further allege that Eric West breached his duty of care to his wife, Deborah West, in faffing to warn his wife against riding in an open golf cart, under circumstances in which Eric West knew that his wife was in an intoxicated state. Eric West further breached his duty of care to his wife in allowing her to get into a golf cart on the date of this accident when he knew that she was intoxicated, and further breached the duty of care he *182 owed to his wife m failing to buckle her seat belt in the golf cart once she was in it.
14Pefendant, Scottsdale Insurance Company, filed a' separate reconventional demand against Eric West, alleging that Eric West was responsible for all damages to Deborah West or, in the alternative, that defendant was entitled to a reduction of damages based on the following allegations:
Eric Lee West breached a duty of care that he owed his spouse through his lack of concern for her, lack of attentiveness to her, and total disregard for her health and safety on the date of this incident. Eric Lee West did not, at any time, try to prevent or even suggest that his wife not consume alcohol and become intoxicated.
By judgment dated July 14, 1997, the trial court granted plaintiffs exception of no cause of action and dismissed defendants’ re-conventional demands. Defendants Hilton Hotels Corporation, Scottsdale Insurance Company and International Rivercenter Partnership now appeal from this judgment.

DISCUSSION

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1284 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. Code Civ. Proc. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d at 1235.
Our review of defendants’ amended reconventional demands reveals no factual allegations against Eric West that would support the finding of negligence on the part of Mr. West. Essentially, defendants assert a claim against Mr. West |sfor his alleged failure to 1) warn the driver of the cart of his wife’s intoxicated condition, 2) warn his wife against riding in an open cart, 3) prevent his wife from getting into the cart, and 4) buckle his wife’s seat belts after she entered the cart. Defendant Scottsdale Insurance Company asserts that Mr. West is liable for failing to prevent his wife from becoming intoxicated.
In their brief to this court, defendants argue that if Mr. Watson, the driver of the golf cart who had no knowledge of Ms. West’s intoxicated condition, was under a duty to protect Mrs. West from harm, then her husband, who was aware of the amount of alcohol consumed by his wife during the course of the day, was under the same duty. Defendants allege therefore that Mr. West is a joint tortfeasor and is liable for contribution in the event defendants are cast in judgment. Although we are sympathetic to defendants’ position of coming to the aid of lost patrons of the parking garage and then being sued by them, Louisiana law does not support defendants’ theory of recovery against Mr. West.
Defendants’ allegations against Mr. West are apparently based on the negligence theories contained in La. Civil Code articles 2315 and 2316. In order to sustain a cause of action under these articles, defendants’ re-conventional demands must adequately allege negligence, causation and damages. Negligence has been divided into duty and breach of duty. In order to prove that Mr. West was a joint tortfeasor, defendants must first show that he had some legal duty to his wife under the circumstances of this case.
Defendants have cited no jurisprudence or legal authority for the proposition that one spouse has the duty to prevent the other spouse from becoming intoxicated or from becoming injured by the negligence of a third person. Further, there is no legal authority for defendants’ contention that Mr. West had a duty to warn the driver of the golf cart of his wife’s intoxicated condition. The cases cited by defendants in brief are not pertinent herein as they contain judicial findings of 1 ¡¡negligence on the part of the plaintiffs’ spouses on other legally recognized grounds. See, Smith v. Southern Farm Bureau Casualty Insurance Co., 247 La. 695, 174 So.2d 122 (1965); Mayo v. Nissan Motor Corp., 93-852, (La.App. 3 Cir. 12/14/94), 647 So.2d 676, *183 writs denied, 95-0147, 95-0148, 95-0160, (La.3/17/95), 651 So.2d 280, 281.
The existence of a legal duty under particular factual circumstances is a question of law, not fact. Meany v. Meany, 94-0251, (La.7/5/94), 639 So.2d 229, 233. Although the jurisprudence has established that parents have a duty to supervise their children (See, e.g., Carter v. Salter, 351 So.2d 312 (La.App. 3rd Cir.) writ denied, 352 So.2d 1045 (La. 1977)), there is no authority present in Louisiana jurisprudence which imposes a duty on one spouse to prevent the intoxication of the other spouse or to warn third persons of the spouse’s intoxicated condition. There have been no allegations that Mr. West engaged into any affirmative act which increased the danger of his wife’s voluntary intoxication. Further, there is no legal basis for the imposition of a duty on one spouse to supervise the other spouse to prevent that spouse from being harmed by the negligence of a third person. Even accepting all the allegations of the reconventional demands as true, i.e., that Mr. West failed to prevent his wife from becoming intoxicated, failed to warn the driver of her intoxicated condition and then failed to warn her not to enter the golf cart and failed to buckle her in, the law provides no legal duty upon Mr. West to supervise his wife’s actions or to protect her from harm based on the negligence of a third person. Based on the facts presented in this case, we are unwilling to jurisprudentially formulate such a duty which does not presently exist under Louisiana law.
Defendants have been given the opportunity to amend their reconventional demands against Eric West to allege facts which would support their cause of action. As amended, the allegations of defendants’ reconventional demands Nevertheless fail to state a cause of action against Eric West. We conclude that any further amendments to the recon-ventional demands would not change the legal position of defendants presented in this case.

CONCLUSION

Thus, on the face of defendants’ reconven-tional demands, defendants are not legally entitled to the relief sought. Accordingly, we find no error in the ruling of the trial court maintaining plaintiffs exception of no cause of action, and we therefore affirm the trial court’s judgment dismissing defendants’ re-conventional demands against plaintiff, Eric Lee West.

AFFIRMED.

. The only defendants involved in this appeal are the Hilton Hotels Corporation, International Riv-ercenter Partnership and Scottsdale Insurance Company.