# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-175

**BETTY GARRETT**
**VERSUS**
**CELESTE MCGASKEY, ET AL.**

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 76,667
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

## ARTHUR J. PLANCHARD,
## JUDGE PRO TEMPORE

**********

Court composed of Judges John D. Saunders , Michael G. Sullivan, and Arthur J. Planchard.

**REVERSED AND RENDERED.**

**Honorable Louie Bernard**
**Clerk, Natchitoches Parish**
**Post Office Box 476**
**Natchitoches, LA 71457-0476**
**(318) 352-8152**
        **DEFENDANT/APPELLEE**

**Charles Raymond Whitehead, Jr.**
**Whitehead Law Offices**
**Post Office Box 697**
**Natchitoches, LA 71458-0697**
**(318) 352-6481**
**COUNSEL FOR:  PLAINTIFF/APPELLEE**
        **Betty Garrett**

**Nathaniel Williams, Esq.**

**WILLIAMS FAMILY LAW FIRM**
**Post Office Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**COUNSEL FOR:  DEFENDANT/APPELLANT**
      **Celeste McGaskey**

Planchard, Judge.

The Defendant-Appellant, Celeste McGaskey, appeals the judgment nullifying and voiding her candidacy for councilperson for district number three of the City of Natchitoches and ordering her name stricken from the list of qualified candidates for this elected office. For the reasons given herein, we reverse and set aside the judgment of the trial court and enter judgment dismissing the instant action.

The Plaintiff-Appellee, Betty Garrett, filed this suit challenging McGaskey's candidacy for councilperson for district number three of the City of Natchitoches. The action alleges that McGaskey is an employee of the United States Postal Service (USPS), and that as such, she is statutorily precluded from being qualified to run for this position. Furthermore, Garrett contends that McGaskey is barred from becoming a candidate for this position pursuant to the USPS employees' regulations.

McGaskey filed several exceptions and an answer to the petition. McGaskey raised the exceptions of prematurity, no cause of action, and *res judicata*.

Trial of this matter was held on February 9, 2004. The trial court entered a written, signed judgment on this same date declaring that McGaskey's candidacy was null and void. The trial court ordered the clerk of court to strike McGaskey's name from the list of qualified candidates. McGaskey filed a motion for appeal from this ruling on February 10, 2004, which was granted this same date. The record in this case was lodged in this court on February 12, 2004.

Through the exception of prematurity, McGaskey attempts to characterize this action as a challenge to her holding office brought pursuant to

2

La.R.S. 42:65. To the contrary, Garrett's suit challenges McGaskey's candidacy pursuant to La.R.S. 18:481, *et seq.* McGaskey admits that this action was filed following her qualifying to run for the city council position. Therefore, we find that the exception of prematurity is not well founded and must be denied.

McGaskey next argues in this court that the exception of no cause of action should be maintained because Garrett has asserted no ground cognizable under La.R.S. 18:492 to challenge her candidacy. However, La.R.S. 18:492(A)(3) and (A)(4) provide that an action objecting to a person's candidacy may be based on the ground that, "(3) The defendant does not meet the qualifications for the office he seeks in the primary election," and "(4) The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified." In the instant case, Garrett argues that La.R.S. 42:63 prohibits McGaskey from qualifying as a candidate for the city council position. If, on consideration of the merits of this case, it is determined that La.R.S. 42:63 prohibits a person by law from qualifying as a candidate, then Garrett has a cause of action for challenging McGaskey's candidacy pursuant to 18:492. Thus, we find that the essence of McGaskey's argument in this regard goes to the merits of this action, and we, therefore, deny the exception of no cause of action.

McGaskey argues next that the trial court should have dismissed this action on her exception of *res judicata*. McGaskey relies on an action filed by Sylvia Morrow which also challenged her candidacy. This earlier filed action was dismissed with prejudice on the motion of the plaintiff therein before the matter went to trial. McGaskey avers that the petition in the earlier filed action was identical to the petition instituting the matter *sub judice* other than the

3

change in the identity of the plaintiff. Therefore, McGaskey posits that this matter is now *res judicata*.

McGaskey acknowledges that La.R.S. 13:4231 requires that in order for *res judicata* to apply, the actions must be between the same parties. Regardless, McGaskey cites this court to several cases in support of her position that jurisprudential exceptions to the party identification have been established. We find the cases cited by McGaskey to be inapposite to the instant case.

In *State, Dept. of Social Serv. v. Coleman*, 616 So.2d 844 (La.App. 3 Cir. 1993), the state's action on behalf of a minor child to establish paternity was found to be precluded by *res judicata* since the child herself, represented by counsel, had previously pursued and lost a paternity action against the defendant in the state's suit. However, in *Coleman* there was an identity of the parties between the two actions in that the child had brought the first action and the state was bringing the second action on behalf of the same child. Similarly, in the second case on which McGaskey relies, *Frank v. St. Landry Parish School Bd.*, 540 So.2d 1200 (La.App. 3 Cir. 1989), this court found that the plaintiffs in the case on appeal were also parties in prior litigation between the same defendants on the same claims.

In the instant case, the plaintiff in the earlier suit did not represent the interests of the plaintiff in the current action. There is no identity of parties between these two actions; therefore, there is no *res judicata* effect from the dismissal of the earlier suit on the instant matter. Thus, we find the exception of *res judicata* is without merit.

In considering the merits of the instant case, we would first note that the trial court did not find that Garrett could challenge McGaskey's candidacy

4

based on the regulations for employees with the USPS. No party to this litigation has challenged this portion of the trial court's ruling; therefore, this court pretermits any discussion as to that issue.

Garrett argues that McGaskey is in violation of La.R.S. 42:63. As stated above, based on this premise, Garrett contends that McGaskey does not meet the qualifications for a candidate for the city council seat and should be found by this court to be prohibited by law from seeking this position.

Louisiana Revised Statutes 42:63(A) reads:

A. (1) Except as otherwise provided in this Subsection, no person holding an elective office, appointive office, or employment in any of the branches of state government or of a political subdivision thereof shall at the same time hold another elective office, appointive office, or employment in the government of a foreign country, in the government of the United States, or in the government of another state.

McGaskey has admitted that she is an employee with the USPS. However, we find that the trial court erred in interpreting this statute to disqualify McGaskey from qualifying to run for the city council position. Louisiana Civil Code Article 9 states, "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." The prohibition pronounced in 42:63 is from "holding an elective office," not from qualifying as a candidate to hold an elective office. The importance of this distinction is that the former only requires a choice of the person once the conflicting position is assumed, whereas the latter would require a choice before assuming the conflicting position.

Had the legislature intended to prohibit a person holding a government job from qualifying to run for an elective position or *vice versa*, the legislature

could have very easily expressed this intent in the wording of 42:63. However, since the words of this statute are clear and unambiguous and since the application of this statute as worded does not lead to absurd consequences, we find that the trial court erred in disqualifying McGaskey under this statute.

Accordingly, we hereby reverse and set aside the ruling of the trial court. Judgment is rendered dismissing this action, and Louis Bernard, Clerk of Court for Natchitoches Parish, is hereby ordered to reinstate Celeste McGaskey as a qualified candidate for the position of councilperson for district three of the City of Natchitoches. All costs of this matter are assessed against the Plaintiff-Appellee.

**REVERSED AND RENDERED.**